UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEEL SUPPLEMENTS, INC.,

    Plaintiff,

v.                                                                                                          CASE NO. 8:22-cv-444-WJF-CPT

BLITZ NV, LLC,

    Defendant.

_____/

**ORDER**

This matter came before the Court upon the motion to compel of Steel Supplements, Inc. ("Steel"). The Court has reviewed the Motion (Doc. 2-1), the Response (Docs. 10, 11) and the Reply (Doc. 23). The Court also held a hearing today's date which all related counsel attended.

As background, this discovery matter was transferred from the District of Nevada. It relates to an underlying law suit between Steel and Blitz, N.V., LLC. ("Blitz") , pending before the undersigned at No. 8:20-cv-2971-WFJ-AEP ("the underlying law suit"). The underlying law suit relates to advertising endorsements and contracts concerning health\athletic nutritional supplements and the like. The Court had arranged its Spring trial schedule for the fairly complex trial in the underlying law suit to occur in May. The Court had also begun to work on and

review detailed summary judgment filings. Unfortunately, the present matter requires the Court to forego this work now which may be entirely wasted, and also to rearrange its schedule.

In the pending, instant motion, Steel sought documents and a Fed. R. Civ. P. 30(b)(6) deposition from Ignite International, Ltd. ("Ignite US"). Ignite US is not a party in the underlying law suit. Ignite US ostensibly sells a nutritional drink that Plaintiff states is relevant to the underlying contract dispute. The Court does find that this product is relevant to the underlying law suit. Both Blitz, the Ignite entities, and all their related entities are owned directly or via majority shareholder status by Mr. Dan Bilzerian. The underlying law suit had involved a number of discovery disputes that required Court attention. The Court had previously admonished Mr. Bilzerian and his entities to participate in full, robust discovery.

The Court will not belabor all the facts which were recited at today's hearing. Suffice it to say, the Bilzerian entity Ignite US[1] did not participate fully and robustly in discovery related to the instant subpoena. Ignite US designated as a Rule 30(b)(6) representative one Clifton Turner, who had been working at Ignite

---

[1] All of the relevant Blitz and Ignite entities are either owned outright or controlled by Mr. Bilzerian (as majority shareholder or the like). For example, the instant party Ignite US has one corporate director, Bilzerian. According to Ignite US's lawyer, Ignite US is owned by another Ignite entity, a publicly traded Canadian company, for which Mr. Bilzerian is the majority shareholder.

US for but 36 days.  He had almost no personal knowledge of anything relevant, was ignorant of most facts,  and was script-reading for much of his deposition from very limited notes.  Another individual, John Schaeffer, would have been much more knowledgeable but was not produced.  No doubt several other employees who were employed during the relevant time frame would be more knowledgeable than Turner.  On occasion, Ignite US's Nevada counsel (who also apparently represents Blitz and Bilzerian) improperly instructed the Rule 30(b)(6) deponent Turner not to answer appropriate foundational questions.  This was contrary to proper deposition practice as undertaken in the Middle District.  The deposition of Clifton Turner was not in the spirit of full, fair discovery, and appears to the undersigned to have been designed that way.

     Further, Ignite US produced documents including emails but did not produce, for example, attachments to those emails or links therein that likely were relevant.  This is because Ignite US did not search the SharePoint database, or Microsoft Outlook Exchange Server that was accessible to, and apparently used by, Ignite US employees in the United States.  These US employees apparently use these databases in their work for Ignite US.  Ignite US argues that the servers containing the data lie in Canada, in the possession of the Canadian Ignite entity (which Bilzerian is majority shareholder of).  Some Ignite US employee emails which were relevant had hyperlinks, or links to drop box documents, or

attachments that could be viewed and produced from the Ignite US employee emails in the United States. But these documents were not produced even though they would be in control of the Ignite US employees within the United States, because the server sits in Canada.

Both the improper Rule 30(b)(6) deposition and the deficient records production appears to be gamesmanship, something the Court has previous admonished against. There is an element of "corporate shell game" here to avoid the discovery. And all the shells are in Mr. Bilzerian's control. As the Court noted at today's hearing, the Court is out of patience with this conduct.

Accordingly, the Court grants the motion to compel (Doc. 2-1) consistent with this order and rules as follows:

1. Regrettably the trial and pretrial conference in the underlying case are continued. Any party may supplement its motions for summary judgment or expert reports before July 31, 2022.

2. If it wishes Steel may serve via subpoena Mr. John Schaeffer for a full deposition duces tecum, via zoom or in person at his domicile. If Steel elects to do this, it should set this process in motion immediately.

3. At Steel's request, within thirty days Ignite US will reproduce for a Rule 30(b)(6) deposition an appropriate knowledgeable witness. Prior to this or

the Schaeffer deposition, the deponent's counsel Ms. Stein must review the discovery handbook available on the Middle District's web site.

4. Concerning the additional depositions in items 2 and 3 above, Clifton Turner and Dan Bilzerian will SHOW CAUSE under oath within 30 days in writing why they should not be required to pay for these additional depositions.

5. Ignite US will pay the cost of the earlier Clifton Turner deposition to Steel within 14 days, including attorney's fees for eight hours at the rate of $400 per hour. Failure to pay this cost will result in the Court striking Blitz's pleadings in the underlying case.

6. Ignite US, within 14 days, will search its SharePoint, emails, repositories, and Outlook Exchange server, and any other place such as drives or dropbox type locations, and produce any responsive documents that the US-based employees could or did access, such as hyperlinks, email attachments, or any responsive documents that were in their custody or control or viewable to them as Ignite US employees, wherever the ultimate server is sited. If Ignite US fails to produce documents in this regard, the Court will undertake sanctions in the underlying case. Mr. Dan Bilzerian is ordered to personally participate in, and supervise, this production.

7. Within 30 days, Mr. Dan Bilzerian will file under oath an affidavit or declaration. He must state, without equivocation and not upon "information

and belief" the following: He has personally reviewed the discovery in the two Blitz/Ignite related cases pending before Judge Jung. Based on his personal knowledge and on his own thorough review, all entities related to him have provided full and robust discovery.

**DONE AND ORDERED** at Tampa, Florida, on March 23, 2022.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel of record and Attorney Kevin P. McCoy